Filed 5/31/23  Dhillon v. Mangat CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| PREET DHILLON,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JASJIT MANGAT,<br><br>Defendant and Appellant. | A162994<br><br>(Alameda County Super. Ct.<br>No. HF19011485) |

### MEMORANDUM OPINION[1]

Defendant Jasjit Mangat (the former husband of plaintiff Preet Dhillon) appeals a trial court order renewing and making permanent a domestic violence restraining order (DVRO) protecting Dhillon and the parties' children from Mangat.  Mangat principally contends the court erred by denying his requests for (1) a continuance of the renewal hearing, and (2) an evidentiary hearing on the renewal request.  We affirm.

---

[1] We resolve this case by a memorandum opinion pursuant to the California Standards of Judicial Administration, section 8.1.

1

# I.

The record reveals the following.[2]  The trial court (Hon. Victor Rodriguez) entered the initial DVRO on May 13, 2019, for a term of two years.  Prior to entering the DVRO, the court considered testimony and declarations from the parties, as well as in camera testimony from their then 13-year-old daughter.  There was evidence that Mangat verbally, emotionally, and physically abused Dhillon and the parties' daughter.  The DVRO entered by the court prohibited Mangat from contacting Dhillon, temporarily suspended his contact with the parties' daughter, and allowed professionally supervised visitation between Mangat and the parties' then two-year-old son.

On April 9, 2021, Dhillon filed a request to renew the DVRO, as well as a supporting declaration setting forth alleged misconduct by Mangat.  The court (Hon. Somnath Raj Chatterjee) held a hearing on the request on May 3, 2021.  Before and at the hearing, Mangat's counsel requested that the court continue the hearing date and hold an evidentiary hearing "at least for half a day."  The court denied counsel's requests, finding no good cause for a continuance.  The court noted an evidentiary record had been developed at the 2019 hearing.  The court stated in part:  "There's already been a trial.  There's already been a hearing on the petition.  The facts are known, and the papers were served timely here.  And the Court doesn't see good cause for continuance."

---

[2] The appellate record includes clerk's and reporter's transcripts.  In addition, in November 2022, this court granted Mangat's motion to augment the record with materials in a supplemental appendix that he submitted with his opening brief.  We deny Mangat's more recent motion to augment the record and request for judicial notice, in which he sought to augment the record with materials in a proposed supplemental appendix that he submitted with his reply brief.

The court did allow Mangat to testify, telling Mangat's counsel: "If you want to get some evidence from your client, that's fine. There's been no declaration provided, but I'll hear what you have to present and after that I will consider whether I will allow any examination of [Dhillon]." Following direct examination of Mangat by his counsel (and the court having received Dhillon's declaration), the court determined there was no need for further questioning of either party, stating, "I'm not going to open this up to cross-examination by either side. I am ready to move forward and I am ready to rule."

The court granted Dhillon's request to renew the DVRO, concluding Dhillon had met her burden to show a "reasonable apprehension of future abuse." The court stated: "Given the facts set forth in her declaration as well as the testimony from [Mangat] the Court's going to grant a permanent restraining order after hearing. [¶] The allegations, the assertions—in the underlying restraining order were quite serious, the facts set forth in the request for renewal are quite serious and the testimony from [Mangat] shows to me that he doesn't understand the seriousness of this, including the essential denial of the basis of the underlying restraining order. [¶] The Court is going to grant the permanent restraining order after hearing."

Mangat appealed the court's order renewing the DVRO.

## II.

A court has discretion to renew a DVRO on the request of a party, "either for five or more years, or permanently," "without a showing of further abuse since the issuance of the original order." (Fam. Code, § 6345, subd. (a).) Renewal is appropriate if the court finds "the protected party entertains a 'reasonable apprehension' of future abuse" (*Ritchie v. Konrad*

(2004) 115 Cal.App.4th 1275, 1290), a finding the court made here at the conclusion of the May 3, 2021 hearing.

Mangat contends the court erred by denying his requests for a continuance and for an evidentiary hearing. We disagree. First, the court did not abuse its discretion by declining to continue the hearing. (*Qaadir v. Figueroa* (2021) 67 Cal.App.5th 790, 814 [denial of trial continuance is reviewed for abuse of discretion].)[3] The court reasonably could conclude that, based on the 2019 record and the additional evidence it permitted in the May 3, 2021 hearing, it had a sufficient basis to determine whether the "reasonable apprehension" standard was met.

Rule 3.1332 of the California Rules of Court (rule 3.1332), cited by Mangat, does not require the court to grant a continuance. Rule 3.1332 states that trial dates are "firm" (rule 3.1332(a)) and that continuances are "disfavored" and require a showing of "good cause" (rule 3.1332(c)). Mangat asserts good cause was present and a continuance was appropriate because he wanted to gather more evidence, because the attorney representing him at the May 3 hearing was not his lead counsel, or because other factors supported delay (see rule 3.1332(c)(3), (6), (d)). But as discussed, in the posture of this case, the court reasonably could conclude a continuance was not warranted.

Second, we reject Mangat's suggestion that the court violated statutory requirements governing the receipt of live testimony contained in Family Code section 217 and California Rules of Court, rule 5.113. The court allowed Mangat to present his own live testimony. Mangat did not submit a list of

---

[3] The trial court concluded Family Code section 245, subdivision (a) (which requires a continuance in certain circumstances) did not apply to a request for renewal of a restraining order, and Mangat does not challenge that ruling on appeal.

4

nonparty witnesses describing their anticipated testimony. (Fam. Code, § 217, subd. (c); Cal. Rules of Court, rule 5.113(b)(5).) And as discussed, the court was not required to continue the hearing to allow testimony on a later date.

Finally, since we find the court acted properly and within its discretion, we reject Mangat's contentions that the court violated due process or that its alleged errors resulted in a miscarriage of justice.[4]

## DISPOSITION

The May 3, 2021 order renewing the DVRO and making it permanent is affirmed. Dhillon shall recover costs on appeal, if any.

STREETER, P.J.

WE CONCUR:

GOLDMAN, J.
WHITMAN, J.[*]

---

[4] Mangat suggests that, once the court decided to renew the DVRO, it should have renewed it for a period of five years rather than permanently. We need not address this undeveloped argument (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 684), but we note the court has discretion as to the length of a renewal (Fam. Code, § 6345, subd. (a)), and in any event, a renewal remains subject to modification or termination on motion of a party (*ibid.*).

[*] Judge of the Superior Court of California, County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.